1  **BURSOR & FISHER, P.A.**
   L. Timothy Fisher (State Bar No. 191626)
2  Joel D. Smith (State Bar No. 244902)
   1990 North California Blvd., Suite 940
3  Walnut Creek, CA 94596
   Telephone: (925) 300-4455
4  Facsimile: (925) 407-2700
   E-Mail:  ltfisher@bursor.com
5          jsmith@bursor.com

6  **BURSOR & FISHER, P.A.**
   Scott A. Bursor (State Bar No. 276006)
7  888 Seventh Avenue
   New York, NY  10019
8  Telephone: (212) 989-9113
   Facsimile:  (212) 989-9163
9  E-Mail: scott@bursor.com

10 **THE FRASER LAW FIRM, P.C.**
   Michael T. Fraser (State Bar No. 275185)
11 4120 Douglas Blvd., #306-262
   Granite Bay, CA 95746
12 Telephone:  (888)557-5115
   Facsimile:  (866)212-8434
13 E-Mail:  mfraser@thefraserlawfirm.net

14 *Counsel for Plaintiff*

15
16                          UNITED STATES DISTRICT COURT
17                          EASTERN DISTRICT OF CALIFORNIA
18

| | |
|---|---|
| DUSTY SPEARMAN, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| IPLAY., INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Plaintiff Dusty Spearman ("Plaintiff" or "Ms. Spearman"), by and through her attorneys, makes the following allegations against Defendant iPlay., Inc. ("Defendant") pursuant to the investigations of her counsel and upon information and belief, except as to the allegations specifically pertaining to herself or her counsel, which are based on personal knowledge:

**INTRODUCTION**

1. This is a class action on behalf of purchasers of Green Sprouts Cooling Teethers (the "Teethers") in the United States.

2. Defendant markets the Teethers for the purpose of "sooth[ing] gums and promot[ing] oral development" for infants "3+ months" that are actively growing teeth. Defendant represents on the front of the product packaging that the Teethers are "BPA free":



3. Contrary to Defendant's representation, however, laboratory testing has shown that the Teethers do in fact contain BPA.[1]  Laboratory testing commissioned by Plaintiff's counsel detected and extracted 702 nanograms of BPA from a Teether.

4. The presence of BPA in a product used in infants' mouths is a health concern, especially in products designed for oral use by teething infants.  For example, by analogy, California law prohibits the sale of "any bottle or cup that contains bisphenol A, at a detectable level above 0.1



parts per billion (ppb), if the bottle or cup is designed or intended to be filled with any liquid, food, or beverage intended primarily for consumption from that bottle or cup by children three years of age or younger."  Cal. Health & Safety Code § 108940.  While the Teethers are not specifically addressed by this statute, it is notable that they contain *702 times* as much BPA as allowed by law for infants' bottles and cups.  And BPA in teethers is *more* dangerous than in bottles and cups because they are designed to be sucked and chewed on by infants for hours each day during teething, when babies often experience inflamed and swollen gums.

---

[1] Bisphenol A, or "BPA," is a toxic synthetic compound used in certain mass-produced plastic consumer products, like the Teethers.  BPA can seep out of the Teethers, thereby allowing the BPA to be ingested by infants who use these products.

5. The California Senate Rules Committee's analysis of this bill notes that it was passed because of "concern about the potential effects of BPA on the brain, behavior, and prostate gland in fetuses, infants, and young children."[2]

6. Experts have warned of the dangers of allowing infants to use teethers containing even low levels of BPA.  In response to a recent report that many teethers on the market contain BPA, Dr. Tara Narula told CBS News that she would be "getting rid of" all the infant teethers she had in her freezer as a precaution against "health risks of early childhood exposure to endocrine disruptors include[ing] asthma, diabetes, neurodevelopment disorders, obesity, and reproductive abnormalities:"[3]



7. There is strong consumer demand for products that are labeled "BPA free."  This is especially true of products designed specifically for oral use by small children, like the Teethers.

---

[2] *See* http://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201120120AB1319
[3] http://www.cbsnews.com/news/baby-teether-study-bpa-endocrine-disruptors-chemicals/

Here, Defendant exploited the consumer demand by falsely marketing, labeling and selling its Teethers as "BPA free" at a price premium.

8. However, the dangers associated with the BPA in the Teethers render the products completely worthless.

9. Notably, the FDA has stated that it "believes that devices labeled as … 'BPA-free' are not accurate because it is not possible to reliably assure that there is an absence of the … toxin in the medical product. Use of such terms may give users a false sense of security when using a medical product."[4] However, Defendant has disregarded this FDA guidance and continues to market its product falsely as being "BPA free."

10. Defendant is well-aware that consumers value its "BPA free" representation, and intentionally placed the representation on the front of the Teethers' packaging despite knowledge of its falsity. Such a false statement of fact cannot occur by happenstance. Moreover, the problem of BPA content in teethers has been well-publicized by at least one major industry-wide study, of which Defendant was undoubtedly aware.[5] Defendant nonetheless intentionally manufactures and sells its Teethers with materials that it knows contain BPA, while falsely representing on packaging that the products contain no BPA. In fact, Defendant's Teethers contain significantly more BPA than some competing brands.

11. Defendant's Teethers have been falsely labeled "BPA Free" at all times during the last four years, at least.

12. This is a proposed class action brought by Plaintiff, on behalf of a class of similarly situated individuals, against Defendant for breach of warranties, unjust enrichment, fraud, and violations of California consumer protection laws.

**JURISDICTION AND VENUE**

13. This Court has personal jurisdiction over Defendant. Defendant purposefully avails itself of the California consumer market and distributes the Teethers to at least hundreds of

---

[4] https://www.fda.gov/ICECI/EnforcementActions/WarningLetters/ucm357713.htm
[5] *See* http://www.cbsnews.com/news/baby-teether-study-bpa-endocrine-disruptors-chemicals/

locations within this County and thousands of retail locations throughout California, where the Teethers are purchased by countless consumers every day.

14. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

15. Venue is proper in this District under 28 U.S.C. § 1391(a). Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information and omissions regarding the Teethers, occurred within this District.

## PARTIES

16. Plaintiff Dusty Spearman is an individual consumer who, at all times material hereto, was a citizen of California. Ms. Spearman purchased the Teethers from a Bye, Bye Baby retail location located in Roseville, California in or about the Autumn, 2016. She purchased them for her infant son. In purchasing the Teethers, Plaintiff relied on Defendant's false, misleading, and deceptive marketing of the Teethers as being "BPA free". Ms. Spearman understood that "BPA free" meant that the Teethers did not contain any BPA. But the Teethers she purchased did contain BPA. Had Ms. Spearman known that the "BPA free" representation was false and misleading, she would not have purchased the Teethers.

17. Defendant iPlay., Inc. is incorporated in the State of North Carolina, with its principal place of business in North Carolina.

18. Defendant manufactures, markets, and distributes the Teethers throughout California and the United States.

## CLASS ALLEGATIONS

19. Plaintiff seeks to represent a class defined as all persons in the United States who purchased the Teethers (the "Class"). Excluded from the Class are persons who made such purchases for purpose of resale.

20. Plaintiff also seeks to represent a Subclass of all Class Members who purchased The Teethers in California (the "California Subclass").

21. At this time, Plaintiff does not know the exact number of members of the Class and Subclass(es); however, given the nature of the claims and the number of retail stores in the United States selling the Teethers, Plaintiff believes that Class and Subclass members are so numerous that joinder of all members is impracticable.

22. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

  a. whether Defendant misrepresented and/or failed to disclose material facts concerning the Teethers;

  b. whether Defendant's conduct was unfair and/or deceptive;

  c. whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiff and the Class;

  d. whether Defendant breached warranties to Plaintiff and the Class;

  e. whether Plaintiff and the Class have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

23. Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, purchased, in a typical consumer setting, Defendant's product and Plaintiff sustained damages from Defendant's wrongful conduct.

24. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Class or the Subclasses.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26. The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the Class and the Subclass, thereby making appropriate equitable relief with respect to the Class and the Subclass as a whole.

27. The prosecution of separate actions by members of the Class and the Subclass would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the Class and the Subclasses even where certain Class members are not parties to such actions.

## COUNT I

### (Unfair and Deceptive Acts and Practices In Violation of the California Consumers Legal Remedies Act)

28. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

29. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

30. This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ I750-I785 (the "CLRA").

31. Plaintiff and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Teethers for personal, family, or household purposes.

32. Plaintiff, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

33. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

34. As alleged more fully above, Defendant has violated the CLRA by marketing the Teethers as being "BPA free" when that was untrue.

35. As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5) and (a)(7).

36. CLRA § 1782 NOTICE.  On April 15, 2017, a CLRA demand letter was sent to Defendant via certified mail that provided notice of Defendant's violation of the CLRA and demanded that within thirty (30) days from that date, Defendant correct, repair, replace or other rectify the unlawful, unfair, false and/or deceptive practices complained of herein.  The letter also stated that if Defendant refused to do so, a complaint seeking damages in accordance with the CLRA would be filed. Defendant has failed to comply with the letter.  Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff, on behalf of herself and all other members of the California Subclass, seeks injunctive relief, compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices.

## COUNT II
### (Violation of California's Unfair Competition Law)

37. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

38. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

39. By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

40. Defendant has violated the UCL's proscription against engaging in *unlawful* conduct as a result of its violations of the CLRA, Cal. Civ. Code § 1770(a)(5) and (a)(7) as alleged above.

41. Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

42. As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of the Teethers is likely to deceive reasonable consumers.

43. Defendant's acts and practices described above also violate the UCL's proscription against engaging in *unfair* conduct.

44. Plaintiff and the other California Subclass members suffered a substantial injury by virtue of buying the Teethers that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling or by virtue of paying a premium price for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled product.

45. Defendant received money from Plaintiff and California Subclass members' purchases of the Teethers.

46. There is no benefit to consumers or competition from deceptively marketing and labeling the Teethers.

47. Plaintiff and the other California Subclass members had no way of reasonably knowing that the Teethers they purchased were not as marketed, advertised, packaged, or labeled. Thus, they could not have reasonably avoided the injury each of them suffered.

48. The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous,

offends established public policy, or is substantially injurious to Plaintiff and the other members of the California Subclass.

49. Defendant's violations of the UCL continue to this day.

50. Pursuant to California Business and Professional Code § 17203, Plaintiff and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

    (a) provide restitution to Plaintiff and the other California Subclass members;

    (b) disgorge all revenues obtained as a result of violations of the UCL; and

    (c) pay Plaintiff's and the California Subclass' attorney's fees and costs.

## COUNT III

**(Violation of California's False Advertising Law)**

51. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

52. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

53. California's False Advertising Law, Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

54. Defendant committed acts of false advertising, as defined by §17500, by labeling the Teethers "BPA free."

55. Defendant knew or should have known, through the exercise of reasonable care that the "BPA free" labeling was untrue and misleading.

56. Defendant's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

57. Defendant received money from Plaintiff and California Subclass members' purchases of the Teethers.

58. Plaintiff and the California Subclass members suffered lost money or property as a result of Defendant's FAL violations because they would not have purchased the Teethers if they knew the truth about the product.

## COUNT IV

### (Fraud)

59. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

60. Plaintiff brings this claim individually and on behalf of the members of the Class and California Subclass against Defendant.

61. As discussed above, Defendant misrepresented that the Teethers were "BPA free."

62. The false and misleading representations and omissions were made with knowledge of their falsehood.

63. The false and misleading representations and omissions were made by Defendant, upon which Plaintiff and members of the Class and California Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and Class members to purchase the Teethers.

64. The fraudulent actions of defendant caused damage to Plaintiff and members of the Class, who are entitled to damages and other legal and equitable relief as a result.

## COUNT V

### (Unjust Enrichment)

65. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

66. Plaintiff brings this claim individually and on behalf of members of the Class and California Subclass against Defendant.

67. Plaintiff and Class members conferred benefits on Defendant by purchasing the Teethers.

68. Defendant has knowledge of such benefits.

69. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of the Teethers.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that the Teethers were BPA free.

70. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT VI

### (Breach Of The Implied Warranty Of Merchantability)

71. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

72. Plaintiff bring this claim individually and on behalf of members of the Class and California Subclass against Defendant

73. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that that the Teethers were mechantable as teething devices for infants.

74. Defendant breached the warranty implied in the contract for the sale of the Teethers because they could not "pass without objection in the trade under the contract description," the goods were not "of fair average quality within the description," the goods were not "adequately contained, packaged, and labeled as the agreement may require," and the goods did not "conform to the promise or affirmations of fact made on the container or label." See U.C.C. § 2-314(2) (listing requirements for merchantability).  As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

75. Plaintiff and Class members purchased the Teethers in reliance upon Defendant's skill and judgment in properly packaging and labeling the Teethers.

76. The products were not altered by Plaintiff or Class members.

77. The products were defective when they left the exclusive control of Defendant.

78. Defendant knew that the Teethers would be purchased and used without additional testing by Plaintiff and Class members.

79. The Teethers were defectively designed and unfit for their intended purpose and Plaintiff and Class members did not receive the goods as warranted.

80. As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because they would not have purchased the Teethers if they knew the truth about the product and the product they received was worth substantially less than the product they were promised and expected.

## COUNT VII

### (Breach Of Express Warranty)

81. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

82. Plaintiff brings this claim individually and on behalf of members of the Class and California Subclass against Defendant.

83. In connection with the sale of the Teethers, Defendant issued written warranties. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller expressly warranted that the Teethers were BPA free.

84. Defendant's express warranties, and its affirmations of fact and promises made to Plaintiffs and the Class regarding the Teethers, became part of the basis of the bargain between Defendant and Plaintiff and the Class, thereby creating an express warranty that the Teethers would conform to those affirmations of fact, representations, promises, and descriptions.

85. The Teethers do not conform to the express warranties because they contain BPA.

86. Plaintiff and members of the Class were injured as a direct and proximate result of Defendant's breach because (a) they would not have purchased the Teethers if they had known the truth about their BPA content; (b) they paid a price premium for the Teethers based on Defendant's

express warranties; and (c) the Wipes did not have the characteristics, uses, or benefits as promised.

87. As a result, Plaintiff and members of the Class have been damaged either in the full amount of the purchase price of the Teethers or in the difference in value between the Teethers as warranted and the Teethers as sold.

88. On April 15, 2017, Plaintiff sent a notice letter to Defendant consistent with Cal. Com. Code § 2607(3)(a) and U.C.C. 2-607(3)(A). The letter was sent on behalf of Plaintiff and all other persons similarly situated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on behalf of herself and members of the Class and California Subclass as follows:

A. For an order certifying the nationwide Class and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

B. For an order declaring that Defendant's conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

D. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E. For injunctive relief enjoining the illegals acts detailed herein;

F. For prejudgment interest on all amounts awarded;

G. For an order of restitution and all other forms of equitable monetary relief;

H. For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

| | |
|---|---|
| Dated: July 27, 2017 | Respectfully submitted, |
| | **BURSOR & FISHER, P.A.** |
| | By: /s/ Joel D. Smith |
| | Joel D. Smith |
| | L. Timothy Fisher (State Bar No. 191626) |
| | Joel D. Smith (State Bar No. 244902) |
| | 1990 North California Blvd., Suite 940 |
| | Walnut Creek, CA 94596 |
| | Telephone: (925) 300-4455 |
| | Facsimile: (925) 407-2700 |
| | E-Mail: ltfisher@bursor.com |
| | jsmith@bursor.com |
| | **BURSOR & FISHER, P.A.** |
| | Scott A. Bursor (State Bar No. 276006) |
| | 888 Seventh Avenue |
| | New York, NY 10019 |
| | Telephone: (212) 989-9113 |
| | Facsimile: (212) 989-9163 |
| | E-Mail: scott@bursor.com |
| | **THE FRASER LAW FIRM, P.C.** |
| | Michael T. Fraser (State Bar No. 275185) |
| | 4120 Douglas Blvd., #306-262 |
| | Granite Bay, CA 95746 |
| | Telephone: (888)557-5115 |
| | Facsimile: (866)212-8434 |
| | E-Mail: mfraser@thefraserlawfirm.net |
| | *Counsel for Plaintiff* |

I, Dusty Spearman, declare as follows:

1. I am a plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts alleged herein and, if called as a witness, could and would competently testify thereto.

2. The complaint in this action is filed in the proper place for trial under California Civil Code Section 1780(d), in that Defendant, iPlay., Inc. ("Defendant") conducts a substantial amount of business in this District. Additionally, the transaction at issue herein occurred in this District, specifically, Roseville, Placer County, California.

3. In or about Autumn, 2016 and while living in California, I purchased an iPlay., Inc. Green Sprouts Cooling Teether that claimed on its front packaging to be "BPA Free" (the "Teether").

4. I purchased the Teether from a Bye, Bye Baby retail store location located in Roseville, Placer County, California.

5. I purchased the Teether for my infant son, whom was teething at the time. In purchasing the Teether, I relied on Defendant's "BPA Free" representation, which was prominently depicted on the Teether's front packaging. I understood Defendant's "BPA Free" representation to mean that the Teether did not contain any BPA. Defendant's "BPA Free" representation was a substantial factor influencing my decision to purchase the Teether. I would not have purchased the Teether had I known that this representation was false and misleading.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, executed on this July 25, 2017 at Fair Oaks, California.

_____
Dusty Spearman