# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTY SPEARMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>I PLAY, INC.,<br><br>Defendant. | No. 2:17-cv-01563-TLN-KJN<br><br>**ORDER GRANTING STAY OF DISCOVERY** |

This matter is before the Court pursuant to Defendant I Play, Inc.'s ("Defendant") motion to stay discovery pending a ruling on the motion to dismiss. (ECF No. 21.) Plaintiff Dusty Spearman ("Plaintiff") opposes the motion. (ECF No. 23.) Having carefully considered the arguments raised by both parties and for the reasons set forth below, the Court hereby GRANTS Defendant's motion to stay discovery (ECF No. 21).

This case arises under the Class Action Fairness Act ("CAFA"). Plaintiff seeks to bring her claims on behalf of herself and all others similarly situated, including plaintiffs outside of the State of California. Defendant moves to dismiss, challenging this Court's jurisdiction based on the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, 137 S. Ct. 1773 (2017). Defendant moves to stay discovery pending a ruling on the motion to dismiss by asserting the motion is potentially dispositive and no prejudice results to

1

Plaintiff.

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause. *Id.* (affirming district court's decision to stay discovery pending resolution of motion for summary judgment); *see Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). Federal Rule of Civil Procedure 26 states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1).

"[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL 489743, at *6 (E.D. Cal. 2011). District courts do not favor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar v. Honest Tea, Inc.*, 2015 WL 6537813, at *1 (E.D. Cal. 2015) (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). When evaluating a motion to stay, district courts "inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

District courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery. *Mlejnecky*, 2011 WL 4889743, at *6; *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607, at *1 (E.D. Cal. 2007). The first prong requires that the pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Id.* The second prong requires the court to "determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Id.* If either prong is not met, discovery should proceed. *Id.*

Defendant asserts the motion to dismiss is potentially dispositive of the entire case and

that the decision on the motion to dismiss can be made absent further discovery. (ECF No. 21-1 at 5–6.) Plaintiff argues two reasons for denying the motion to stay. First, Plaintiff asserts the filing is procedurally deficient because Defendant did not attempt to file a Joint Statement re Discovery Disagreement pursuant to Local Rule 251. (ECF No. 23 at 2.) Second, Plaintiff contends the motion is an improper attempt to bar Plaintiff from testing the basis of jurisdiction through discovery. (ECF No. 23 at 2.)

The Court has taken a "preliminary peek" at the merits of the underlying motions to dismiss in considering whether a limited stay is warranted in this case. *Tradebay LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). Defendant moves to dismiss on multiple grounds including challenging this Court's jurisdiction based on the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*, 137 S. Ct. 1773 (2017). Without determining whether jurisdiction exists, the Court is satisfied that the argument has merit and a personal jurisdiction question is potentially dispositive of the entire case.

As to the issue of additional discovery, Plaintiff asserts staying discovery thwarts Plaintiffs ability to test the basis of jurisdiction through discovery. (ECF No. 23 at 2.) Plaintiff states it has already served discovery relevant to the issue of jurisdiction and therefore the motion to stay should be denied. (ECF No. 23 at 2.) Plaintiff's argument that it has already served discovery requests does not necessarily preclude the Court from granting the motion to stay. The Court notes that Plaintiff requests jurisdictional discovery in its opposition to Defendant's motion to dismiss. Simply put, the Court could order limited jurisdictional discovery in the event the motion to stay is granted, but need not allow broad discovery of the whole case. The motion to dismiss is fully briefed and can be decided without additional discovery. Accordingly, Defendant has met its burden and a motion to stay may issue.

As to Plaintiff's argument that the motion is procedurally improper, the Court finds it may rule on the matter regardless of whether it were to find the motion is procedurally improper. In other instances this Court has ruled on a motion to stay discovery despite the lack of a Joint Statement re Discovery Disagreement. *See Oertell v. Six Flags Entertainment Corp.*, 2018 WL 489154 (E.D. Cal. Jan. 19, 2018) (ruling on a motion to stay discovery despite the lack of a Joint

Statement re Discovery Disagreement on the record). Additionally, the Court notes Defendant states and Plaintiff does not deny that Defendant sought a stipulation to stay discovery prior to filing this motion. While not identical, the failure to stipulate clearly demonstrates to the Court that in this particular instance a Joint Statement re Discovery Disagreement would not alter the arguments or positions of the parties.

For the reasons set forth above, the Court hereby GRANTS Defendant's Motion to Stay Discovery. (ECF No. 21.) Discovery shall be stayed until the Court issues an order on the pending Motion to Dismiss (ECF No. 17).

IT IS SO ORDERED.

Dated: March 16, 2018

Troy L. Nunley
United States District Judge