UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTY SPEARMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>I PLAY, INC.,<br><br>Defendant. | No. 2:17-cv-01563-TLN-KJN<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant I Play, Inc.'s ("Defendant") Motion to Dismiss the Complaint. (ECF No. 17.) Plaintiff Dusty Spearman ("Plaintiff") opposes the motion and requests Jurisdictional Discovery. (ECF No. 22.) The Court hereby DENIES Defendant's Motion to Dismiss (ECF No. 81) without prejudice and GRANTS Plaintiff's Jurisdictional Discovery request.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This is a class action on behalf of purchasers of Green Sprouts baby teethers in the United States. (ECF No. 15.) Defendant manufactures the teethers and represents on the product packaging that the teethers are "BPA free." (ECF No. 15.) However, Plaintiff alleges laboratory testing has shown that the teethers contain BPA. (ECF No. 15.) Plaintiff alleges that Defendant exploited consumer demand for products labeled "BPA free" by falsely marketing, labeling, and

1

selling its teethers as "BPA free" at a price premium. (ECF No. 15 ¶ 7.) Plaintiff further alleges that Defendant's teethers have been falsely labeled as "BPA free" at all times during the last four years. (ECF No. 15 ¶ 11.) Plaintiff seeks to represent a class defined as all persons in the United States who purchased Green Sprouts baby teethers over the last four years. (ECF No. 15 ¶ 19.)

Plaintiff alleges this Court has subject matter jurisdiction over the proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action with at least 100 members in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. (ECF No. 15 ¶ 14.) Plaintiff alleges that the total claims of individual members of the proposed Class are well in excess of $5,000,000 in the aggregate, exclusive of interest and costs. (ECF No. 15 ¶ 14.)

Defendant filed a Motion to Dismiss on three grounds: (1) the Court lacks subject matter jurisdiction because the amount in controversy is less than $5,000,000; (2) the Complaint fails to state a claim upon which relief could be granted; and (3) that the Court lacks personal jurisdiction over the non-resident putative class members. (ECF No. 17.)

**II.     STANDARD OF LAW**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Relevant to this action, CAFA gives federal district courts jurisdiction where: (1) the matter in controversy exceeds the sum or value of $5,000,000; (2) the number of members of all proposed plaintiff classes in the aggregate is 100 or greater; (3) and there is minimal diversity between the defendants and the plaintiffs. 28 U.S.C. § 1332(d). (*See* ECF No. 15 at 14.) "[N]o antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate

adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014.) When the amount in controversy is contested by plaintiffs, evidence establishing the amount is required, and the court must decide where the preponderance lies. *Id.* 554. "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1198 (9th Cir. 2015.)

### III. ANALYSIS

Defendant filed a motion to dismiss on the bases of lack of subject matter jurisdiction, lack of personal jurisdiction over the non-resident putative class members, and failure to state a plausible claim upon which relief may be granted. (ECF No. 17-1.) The Court may not adjudicate a matter over which it does not have jurisdiction. Because the Court finds Plaintiff fails to make a prima facie showing of subject matter Jurisdiction, the Court declines to address the other arguments in Defendant's Motion to Dismiss.

**A. Subject Matter Jurisdiction**

Plaintiff alleges in the FAC that the amount in controversy is in excess of $5,000,000 (ECF No. 15 at 7.) Defendant contends that nationwide sales of the product identified in the Complaint over the past four years are nowhere near $5,000,000, and that the price premium attributable to the challenged claim could therefore not possibly reach the $5,000,000 minimum. (ECF No. 17-1 at 10.) Defendant attached a declaration from Emi Kubota, CEO of I Play, as evidence supporting this contention, which states that the total sales of all cooling teethers was $818,814 over the class period. (ECF No. 17-2 at 1.) Defendant also argues that the amount in controversy could not possibly be met because the proper measure of damages would be the price premium attributable to the challenged claim on the label. (ECF No. 17-1 at 10.) Plaintiff contends Defendant's jurisdictional arguments cannot be resolved without discovery. (ECF No. 22 at 8.) Plaintiff argues that at the pleading stage information necessary to oppose a Motion to Dismiss may be solely in the possession of the moving party, and requests the Court deny the Motion to Dismiss without prejudice and permit jurisdictional discovery. (ECF No. 22 at 9.)

Plaintiff asserts Defendant's argument regarding the sales of its products does not add up because Defendant has publicly disclosed that its 2015 earnings were $17 million. (ECF No. 22 at 9.)

Defendant is correct that the proper measure of damages for a false advertising claim is the price premium attributable to the challenged claim on the label. *Brazil v. Dole Packaged Foods, LLC,* 660 F. App'x 531 (9th Cir. 2016) (rejecting full restitution in false advertising context in favor of price premium); *In re Vioxx Class Cases,* 180 Cal. App. 4th 116, 131 (2009) ("The difference between what the plaintiff paid and the value of what the plaintiff received is a proper measure of restitution"). Because Plaintiff has failed to specify the proper calculation of damages, or properly allege that the amount in controversy is in excess of $5,000,000, Plaintiff has not made a prima facie showing of subject matter jurisdiction.

**B. Jurisdictional Discovery**

Plaintiff requests permission to conduct jurisdictional discovery in the event that the Court finds that she has not made a prima facie showing of subject matter jurisdiction. (ECF No. 22 at 9.) Because the Court concludes that the Plaintiff has not set forth evidence — neither in her Complaint nor in connection with this motion — that makes a prima facie case for subject matter jurisdiction, the Court turns to the alternative question of jurisdictional discovery.

District Courts have a significant amount of leeway in deciding whether to grant a plaintiff leave to conduct jurisdictional discovery while a motion to dismiss is pending. *Barantsevich v. VTB Bank,* 954 F. Supp. 2d 972, 996 (2013). The Ninth Circuit has adopted a liberal standard with respect to the granting of jurisdictional discovery, noting that it should "ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* However, "[w]here a Plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery." *Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 562 (9th Cir. 1995). "In other words, limited discovery should not be permitted to conduct a fishing expedition." *Johnson v. Mitchell,* No. CIV S-10-1968 GEB, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012).

This case presents a close call. Plaintiff does not support her contentions about the

4

amount in controversy with any evidence relevant to the proper calculation of damages.  (ECF No. 22 at 8–11.)  Plaintiff's basis for requesting jurisdictional discovery is that Kubota's declaration does not "add up" because the company has publicly disclosed that its 2015 earnings were $17 million.  (ECF No. 22 at 9.)  Defendant rightfully argues that the proper calculation of damages for a false advertising claim is not the total sales amount, but the price premium attributable to the allegedly false label on the product.  (ECF No. 17-1 at 10.)  Plaintiff provides no evidence of what this premium amount is or would be.

On the other hand, the threshold for granting jurisdictional discovery is low.  *Harris Rustky & Co. Ins. Servs. Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1135 (2003.) ("[D]iscovery on this issue might well demonstrate facts sufficient to constitute a basis for jurisdiction… and in the past we have remanded in just such a situation.").  Plaintiff does address the proper calculation for damages for a false advertising case in her jurisdictional discovery requests. (ECF No. 22 at 10.)  Plaintiff specifically asks Defendant for "ALL DOCUMENTS and COMMUNICATIONS concerning the retail market price premium and/or additional or incremental retail market price premium attributed to the use of the label "BPA free" relative to the retail market pricing of similar products without such labeling."  (ECF No. 22 at 10:3-21.) Because Plaintiff has specifically asked for the price premium in her discovery requests, and the material facts of whether the minimum amount in controversy is met here are controverted and largely in the sole possession of the Defendant, the Court believes that some limited jurisdictional discovery is appropriate in this case.

Accordingly, the Court incorporates by reference the list of jurisdictional discovery requests the Plaintiff has referenced in her Opposition to Defendant's Motion to Dismiss  (ECF No. 22 at 10:3-21), and limits discovery to those documents requested.  To continue this action, Plaintiff must demonstrate that the price premium attributed to the use of the "BPA free" label for total sales of allegedly fraudulently labeled teethers over the class period is in excess of $5,000,000.

///

///

5

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 17), is DENIED WITHOUT PREJUDICE, subject to limited jurisdictional discovery.

The Court incorporates by reference the list of jurisdictional discovery requests in Plaintiff's Opposition to Defendant's Motion to Dismiss and limits discovery to those documents requested. (ECF No. 22 at 10:3-21.) The Plaintiff is afforded sixty (60) days from the date of this Order to conduct jurisdictional discovery.

Plaintiffs shall file a supplemental opposition to the Motion to Dismiss discussing only the issue of subject matter jurisdiction and the amount in controversy within fourteen (14) days of the close of jurisdictional discovery. Defendants may then file a supplemental reply within seven (7) days of Plaintiff's opposition.

The Court will afford Defendant an opportunity to refile a Motion to Dismiss at a later date should the Court determine it has subject matter jurisdiction over this matter.

IT IS SO ORDERED.

Dated: August 7, 2018

Troy L. Nunley
United States District Judge